UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| H. Brooks and Company LLC, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) |
| | ) Case No. 11-1317 SRN/JSM |
| Nelson's Markets, Inc. d/b/a Nelson's Market | ) |
| a/k/a Nelson's Country Market; Randall | ) |
| Nelson a/k/a Randy Nelson; Shannon Nelson; | ) |
| Roger Nelson; John Doe; and XYZ Bank, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, as and for its Complaint herein, respectfully states as follows:

### THE PARTIES

1. Plaintiff, H. Brooks and Company LLC ("Plaintiff"), is a Delaware Limited Liability Company. Plaintiff operates its business under a valid license granted to Plaintiff by the United States Department of Agriculture ("USDA").

2. Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3. Defendants are:

a) Nelson's Markets, Inc., a Minnesota Corporation ("the Company"). At all times herein relevant, the Company did business under the assumed names of Nelson's Market – North Branch ("the North Branch store"), Nelson's Market – Pine City ("the Pine City store") and Nelson's Market – Mora ("the Mora store").

b) Randall Nelson a/k/a Randy Nelson ("Randy"). Upon information and belief, at all times herein relevant, Randy was an officer or director or person in a position to control the Company.

SCANNED
MAY 2 0 2011
U.S. DISTRICT COURT MPLS

c)  Shannon Nelson ("Shannon"). Upon information and belief, at all times herein relevant, Shannon was an officer or director or person in a position to control the Company.

d)  Roger Nelson ("Roger"). Upon information and belief, at all times herein relevant, Roger was an officer or director or person in a position to control the Company.

e)  John Doe ("John Doe"). John Doe is a natural person whose identity is presently unknown to Plaintiff. Upon information and belief, at all times herein relevant, John Doe was an officer or director or person in a position to control the Company.

f)  XYZ Bank ("the Bank"). The Bank is a banking entity or other creditor of the Company whose identity is presently unknown to Plaintiff. Upon information and belief, the Bank is in possession of PACA trust assets.

Randy, Shannon, Roger and John Doe, are referred to herein, jointly and severally, as, "the Principals". The Company and the Principals are referred to herein, jointly and severally, as, "Defendants".

4.  Defendants are engaged in the business of purchasing or selling Produce in wholesale or jobbing quantities and, therefore, meet the statutory definition of a "dealer" under the Perishable Agricultural Commodities Act 1930, 7 U.S.C. §§ 499a-499t (2007 & Supp. 2009) ("PACA").

5.  Defendants are engaged in the business of negotiating sales and purchases of various Produce in interstate or foreign commerce for or on behalf of a vendor or purchaser and, therefore, meet the statutory definition of a "broker" under PACA.

## JURISDICTION AND VENUE

6.  The District Court has jurisdiction over this civil action arising under § 5(c)(5) of PACA, 7 U.S.C. § 499e(c)(5), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

7.  Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the

property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff sold to the Company and the Company purchased from Plaintiff, Produce having a current aggregate value of $93,263.60, as set forth on the Statement of Account for the North Branch store attached hereto as Exhibit A, the Statement of Account for the Pine City store attached hereto as Exhibit B and the Statement of Account for the Mora store attached hereto as Exhibit C.

9. The Company accepted each load of Produce which corresponds to the invoice numbers listed on attached Exhibits A, B and C.

10. Plaintiff issued to the Company and the Company received, the invoices listed on attached Exhibits A, B and C.

11. Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Company for which Plaintiff has not been paid.

12. Despite Plaintiff's repeated demands for payment, the Company has failed to pay Plaintiff for the Produce in the amounts set forth on attached Exhibits A, B and C.

### COUNT I.

#### ENFORCEMENT OF THE PACA TRUST
7 U.S.C. § 499e(c)(4)

#### COMPANY and PRINCIPALS

13. Plaintiff re-alleges paragraphs 1 through 12 as though fully set forth herein.

14. Defendants are in possession, custody and control of all assets derived from the Company's sale of Produce ("the PACA Trust Assets") for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries.

15. Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets from the shipment of Produce as listed on attached Exhibits A, B and C.

16. Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy

all qualified PACA trust claims, such as Plaintiff's unpaid claims asserted in this action.

17. As a direct result of Defendants' failure to properly protect PACA Trust Assets from dissipation, Plaintiff has suffered damages for unpaid invoices which are covered under the PACA trust in the current aggregate amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

18. Upon information and belief, additional unknown and unpaid trust beneficiaries exist. As a result, Plaintiff further seeks the entry of an Order directing Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as Plaintiff herein, thereby creating a fund for the benefit of said trust beneficiaries.

## COUNT II.

### FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY
### 7 U.S.C. § 499B(4)

### COMPANY and PRINCIPALS

19. Plaintiff re-alleges paragraphs 1 through 18 as though fully set forth herein.

20. The Company received the shipments of Produce referenced in paragraph 9 above.

21. The Company, acting through its Principals, failed to pay the invoices within the applicable payment terms in effect between the parties at the time of each transaction.

22. As a direct result of Defendants' failure to pay the aforesaid invoices within terms, Plaintiff has incurred damages in the aggregate current amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorneys' fees incurred herein.

## COUNT III.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### COMPANY and PRINCIPALS

23. Plaintiff re-alleges paragraphs 1 through 22 as though fully set forth herein.

24. At all times relevant to this action, Defendants were the persons/entities in charge of all aspects of the Company's business undertakings.

25. At all times relevant to this action, Defendants were the persons/entities engaged in the business of buying or selling Produce in interstate commerce in wholesale or jobbing quantities.

26. Defendants controlled and managed the Company's operations and had control over its financial dealings, including those involving the PACA Trust Assets.

27. Defendants had authority to direct the payment of the Company's operating funds and otherwise had the power to direct the application or disposition of the PACA Trust Assets.

28. As officer or directors of the Company, Defendants were statutory trustees with a duty to safeguard the PACA Trust Assets and were required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as the obligations to Plaintiff.

29. Because Defendants controlled the Company and Plaintiff's past due invoices were not paid in a timely manner from PACA trust assets, the Principals breached their fiduciary duties under the PACA trust.

30. The Principals continue to hold any and all PACA Trust Assets having come into their individual possession as trustees for Plaintiff's beneficial interest in the PACA trust.

31. The Principals are personally liable to Plaintiff, which liability is joint and several with the Company and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust to the extent of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorneys' fees incurred herein.

## COUNT IV.

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

## COMPANY, THE PRINCIPALS and XYZ BANK

32. Plaintiff re-alleges paragraphs 1 through 31 as though fully set forth herein.

33. Upon information and belief, Defendants entered into an agreement ("Agreement") with XYZ Bank where XYZ Bank would make loans to Defendants.

34. Upon information and belief, XYZ Bank advanced funds to Defendants pursuant to the terms of the Agreement.

35. Upon information and belief, XYZ Bank exercised its rights as a creditor under the Agreement and took possession of certain of Defendants' assets that were derived from the sale of Produce.

36. At the time Defendants and XYZ Bank entered into the Agreement, XYZ Bank knew or should have known that Defendants were engaged in the purchase and sale of Produce.

37. At the time Defendants and XYZ Bank entered into the Agreement, XYZ Bank knew or should have known that Defendants derived a significant portion of Defendants' revenues from the sale of Produce.

38. At the time XYZ Bank took possession of Defendants' assets, XYZ Bank knew or should have known that Defendants' assets would be derived from Defendants' sale and transfer of Produce.

39. Prior to the events giving rise to this claim, XYZ Bank knew or should have known that Defendants were in financial difficulty and presented a problem in recovery of the outstanding balance advanced under the Agreement.

40. At the time XYZ Bank seized control of Defendants' property, XYZ Bank knew or should have known that Defendants had outstanding accounts payable to suppliers and sellers of Produce.

41. Upon information and belief, XYZ Bank collected and recovered certain of Defendants'

6

assets that Defendants generated through transactions in Produce.

42. Upon information and belief, XYZ Bank continues to hold certain of assets Defendants generated through transactions in Produce.

43. Upon information and belief, XYZ Bank is in possession of certain assets it received from Defendants which were impressed with the PACA trust.

44. Upon information and belief, the assets XYZ Bank received are PACA trust assets and rightfully belong to Plaintiff and other similarly situated creditors of Defendants.

45. XYZ Bank's receipt and possession of the PACA trust assets rightfully belonging to Plaintiff while Plaintiff is unpaid for the Produce transactions with the Company, is a violation of PACA and the regulations promulgated thereunder.

46. Upon information and belief, XYZ Bank received PACA trust assets subject to Plaintiff's trust claim while having actual or constructive knowledge of Plaintiff's PACA trust rights.

47. XYZ Bank's receipt of assets impressed with Plaintiff's PACA trust *res* has resulted in damages to Plaintiff in an amount up to $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

## COUNT V.

### CIVIL LIABILITY FOR THEFT
### MINNESOTA STATUTES SECTION 604.14 (2010)

### COMPANY, THE PRINCIPALS and XYZ BANK

48. Plaintiff re-alleges paragraphs 1 through 47 above as though fully set forth herein.

49. By virtue of the aforesaid facts, Defendants and each of them, committed theft of PACA trust assets. Therefore, pursuant to Minnesota Statutes Section 604.14 (2010) and other applicable law, Defendants and each of them, are liable to Plaintiff in the amount of $93,263.60, plus special and punitive damages as may be determined by the court, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

## COUNT VI.

### UNJUST ENRICHMENT

### COMPANY, THE PRINCIPALS AND XYZ BANK

50. Plaintiff re-alleges paragraphs 1 through 49 as though fully set forth herein.

51. To date, Defendants and XYZ Bank have failed to return PACA trust assets to Plaintiff. As the direct and proximate result, Defendants and XYZ Bank have been unjustly enriched in the sum of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

## COUNT VII.

### FRAUDULENT TRANSFER

### COMPANY, THE PRINCIPALS AND XYZ BANK

52. Plaintiff re-alleges paragraphs 1 through 51 as though fully set forth herein.

53. Upon information and belief, the Company and the Principals caused the transfer of PACA trust assets to XYZ Bank with intent to hinder, delay or defraud Plaintiff and other similarly situated creditors. Upon further information and belief said transfer was made while the Company was engaged in a business for which the remaining assets of the Company were unreasonably small in relation to the Company's business or while the Company and the Principals knew, or should have known, the Company would incur debt beyond the Company's ability to pay as they came due.

54. As the direct and proximate result of the aforesaid fraudulent transfer of PACA trust assets, Plaintiff has been damaged in the amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

## COUNT VIII.

### ACCOUNT STATED

### COMPANY

55. Plaintiff re-alleges paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff sent the Company periodic invoices and statements reflecting the Company's indebtedness to Plaintiff for the Produce. The Company never objected to the form of such invoices or statements, nor objected to or questioned the charges stated therein. The Company retained such invoices and billing statements for more than a reasonable period of time to raise any objection as to the form or substance thereof or the charges stated therein. Therefore, an account for the Produce has been stated between Plaintiff and the Company in the sum of $93,263.60, plus interest and Plaintiff's costs, disbursements and Plaintiff's reasonable attorney's fees incurred herein.

## COUNT IX.

### BREACH OF CONTRACT

### COMPANY

57. Plaintiff re-alleges paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiff and the Company entered into contracts under which Plaintiff agreed to sell the Produce and the Company agreed to purchase the Produce, each of which are referenced in paragraph 9 above.

59. Plaintiff delivered conforming goods to the Company and has otherwise satisfied all conditions of the contracts.

60. The Company failed to pay for the shipments of Produce referenced in paragraph 9 above.

61. As the direct and proximate result of the Company's failure to pay for each shipment of Produce, Plaintiff incurred damages in the current aggregate amount of $93,263.60, plus interest and costs, disbursements and Plaintiff's reasonable attorney's fees incurred herein.

## COUNT X.

### BREACH OF CONTRACT

### RANDY

62. Plaintiff re-alleges paragraphs 1 through 61 above as though fully set forth herein.

63. Randy executed a continuing **PERSONAL GUARANTY** in favor of Plaintiff, dated March 25, 2009, wherein Randy agreed to pay for any and all indebtedness, liabilities and obligations of the Company to Plaintiff, together with Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

64. The Company is indebted to Plaintiff in the sum of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein. To date, said indebtedness is past due and owing. Despite Plaintiff's repeated demands for payment, Randy has failed and refused to pay said indebtedness to Plaintiff. As a direct and proximate result, Plaintiff has been damaged in the current aggregate amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an Order and Judgment as follows:

A) As to Counts I, II and III: (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Company's PACA trust assets for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as Plaintiff, (iii) entering a Final Judgment in favor of Plaintiff and against the Company and the Principals, in the current amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorneys' fees incurred herein.

B) As to Count IV: (i) entering an Order creating a common fund and/or otherwise compelling the preservation of the Company's PACA trust assets for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action, (ii) entering an Order directing Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as Plaintiff, (iii) entering a Final Judgment in favor of Plaintiff and against the Company, the Principals and XYZ Bank, jointly and severally, in the current amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorneys' fees incurred herein.

C) As to Count V, enter a Final Judgment in favor of Plaintiff and against the Company, the Principals and XYZ Bank, jointly and severally, in the current amount of $93,263.60, plus special and punitive damages in accordance with applicable law, plus interest and Plaintiff's costs, disbursements and reasonable attorneys' fees incurred herein.

D) As to Counts VI and VII, enter a Final Judgment in favor of Plaintiff and against the Company, the Principals and XYZ Bank, jointly and severally, in the current amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorneys' fees incurred herein.

E) As to Counts VIII and IX, enter a Final Judgment in favor of Plaintiff and against the Company in the current amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

F) As to County X, enter a Final Judgment in favor of Plaintiff and against Randy, in the current amount of $93,263.60, plus interest and Plaintiff's costs, disbursements and reasonable attorney's fees incurred herein.

G)   Providing such other and further relief as to the Court shall seem just and equitable.

Respectfully submitted,

Date: 5/20/11

H. BROOKS AND COMPANY LLC

By: /s/Evan M. Niefeld, Esq.

Evan M. Niefeld, Esq., MN State Attorney I.D. No. 151944
EVAN M. NIEFELD, LTD.
600 South Highway 169, Suite 1940
Minneapolis, MN 55426
(952) 544-6151